# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0149-003-CVE |
| ) | |
| CALVIN SHOBE, ) | |
| a/k/a Koo-G, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court are Fred Randolph Lynn's Motion to Withdraw (Dkt. # 146) and defendant's Motion to Continue Jury Trial (Dkt. # 147). Defendant Calvin Shobe has retained a new attorney, Neal Kirkpatrick, and Kirkpatrick has filed a motion to continue the jury trial set for Monday, March 26, 2012. Dkt. # 147. Shobe's appointed attorney, Fred Randolph Lynn, has filed a motion to withdraw as defense counsel. Dkt. # 146. These motions were set for hearing on March 22, 2012, and counsel for the government, Lynn, Kirkpatrick, and defendant were present at the hearing. Below is a timeline of the events leading up to the current trial setting:

- August 4, 2011 - complaint filed naming Chantz Germaine Patterson, Calvin Shobe, and Joseph Paul Beeson, III as defendants

- August 5, 2011, Shobe makes initial appearance and Lynn appointed as defense counsel

- September 8, 2011 - four count indictment filed naming Shobe as defendant based on August 2, 2011 bank robbery

- September 22, 2011 - scheduling order entered setting trial for October 17, 2011

- September 29, 2011 - Shobe sent for competency evaluation; competency hearing set for November 29, 2011

- October 11, 2011 - trial reset for December 19, 2011 due to pending competency evaluation

- November 23, 2011 - competency hearing reset for February 7, 2012

- December 1, 2011 - trial reset for March 19, 2012 due to pending competency evaluation

- January 5, 2012 - superseding indictment filed adding charges against Shobe related to a July 7, 2011 bank robbery

- January 17, 2012 - amended scheduling order entered resetting trial for March 20, 2012

- February 9, 2012 - competency hearing held and Shobe found competent to stand trial

- March 6, 2012 - trial continued to March 26, 2012

- March 8, 2012 - pretrial conference held and Shobe orally requests new counsel; Shobe's request denied

- March 20, 2012 - Neal Kirkpatrick enters appearance as retained counsel and Randy Lynn files motion to withdraw

- March 21, 2012 - Kirkpatrick files motion to continue trial

The government opposes defendant's request for a continuance and Lynn's motion to withdraw as defense counsel. The government asks the Court to consider to consider the procedural history of this case, and states that it is prepared to go to trial on March 26, 2012. Lynn is familiar with this case, has engaged in plea negotiations on defendant's behalf, and has filed numerous motions, and the government argues that he should not be permitted to withdraw at this stage of the case.

Defendant has retained Kirkpatrick and, under the Sixth Amendment, he has the right to retain counsel of his choice. United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). However, a defendant's decision to retain new counsel does not automatically require the Court to grant a

2

continuance to allow a newly retained attorney additional time to prepare for trial. United States v. Flanders, 491 F.3d 1197 (10th Cir. 2007). The Tenth Circuit has provided eight factors for district courts to consider in exercising their discretion to grant or deny a continuance under these circumstances:

> 1) the continuance would inconvenience witnesses, the court, counsel, or the parties; 2) other continuances have been granted; 3) legitimate reasons warrant a delay; 4) the defendant's actions contributed to the delay; 5) other competent counsel is prepared to try the case; 6) rejecting the request would materially prejudice or substantially harm the defendant's case; 7) the case is complex; and 8) any other case-specific factors necessitate or weigh against further delay.

Id. at 1216. The Court should also consider whether a defendant diligently sought out new counsel. United States v. Trestyn, 646 F.3d 732, 740 (10th Cir. 2011).

The Court will consider defendant's request for a continuance under the Flanders factors. Trial is less than a week away and it would inconvenience the government and the witnesses if the case were rescheduled. The trial has already been continued three times and, aside from the late entry of Kirkpatrick into the case, there would be no reason to grant a fourth continuance. To be clear, the Court is not considering any delay caused by defendant's competency evaluation as evidence that defendant intentionally delayed these proceedings. Kirkpatrick could legitimately need additional time to prepare if he were to represent defendant by himself, but the Court is not required to allow Lynn to withdraw and the Court may authorize hybrid representation to alleviate any risk of prejudice to defendant. Trestyn, 646 F.3d at 740; Flanders, 491 F.3d at 1215-16. Lynn is prepared to represent defendant at trial and he has competently represented defendant up to this point, and defendant would be represented by competent counsel even if he had not retained Kirkpatrick. This case is not particularly complex and Kirkpatrick can get up to speed relatively quickly, especially if he is not the only attorney representing defendant. Defendant's conduct at the

3

pretrial conference suggests that he is intentionally attempting to delay the trial, and he did not diligently seek out a new attorney. The criminal complaint was filed in August 2011, and defendant has had more than seven months to retain an attorney if he so wished. Defendant waited until the eleventh hour to retain Kirkpatrick, and this is a strong factor weighing against granting defendant's request for a continuance. Trestyn, 646 F.3d at 740.

Kirkpatrick states that he intends to offer a diminished capacity defense and he needs additional time to gather evidence in support of this defense. He argues that he will be unable to present the defense he "envisioned" unless the trial is continued,[1] and he states that he was not aware of the procedural posture of the case when he accepted the representation of defendant. During a sealed portion of the hearing, Lynn made a record as to his awareness of the issues raised by Kirkpatrick and the Court takes into account Lynn's statements concerning his knowledge of the evidence and any advice he may have given to defendant. The Court has reviewed the docket sheet and the evidence presented at the hearing, and makes the following findings:

- It has been seven months since the criminal complaint was filed. Lynn was appointed as defendant's attorney on August 5, 2011.

- It has been six months since the original indictment was filed.

- The superseding indictment was filed more than two months ago.

- The Court set this case for a March 2012 jury trial more than two months ago and jurors have been summoned.

- Witnesses have been subpoenaed, and the government and Lynn are prepared to go to trial.

---

[1] The transcript of the hearing contains a full discussion of ways that defendant could proceed with a diminished capacity defense without a continuance, including the government's agreement to enter certain stipulations.

4

- The motion to continue was filed five calendar days before the jury trial.

Considering all of the <u>Flanders</u> factors and these factual findings, it appears that defendant is engaging in delay tactics and his request for a continuance should be denied. As in <u>Trestyn</u> and <u>Flanders</u>, the Court will require defendant's court-appointed attorney, Lynn, to remain as counsel of record to ensure that defendant is represented by competent and prepared counsel. However, Lynn may be permitted to withdraw at the conclusion of trial.

**IT IS THEREFORE ORDERED** that Fred Randolph Lynn's Motion to Withdraw (Dkt. # 146) and defendant's Motion to Continue Jury Trial (Dkt. # 147) are **denied**.

**DATED** this 22nd day of March, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE